Darras v Darras (2026 NY Slip Op 01764)

Darras v Darras

2026 NY Slip Op 01764

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-06735
 (Index No. 4320/17)

[*1]Frank Darras, respondent, 
vHelen Darras, appellant.

Mitev Law Firm, P.C., Stony Brook, NY (Vesselin V. Mitev of counsel), for appellant.
Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Robert A. Cohen of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 20, 2020, the defendant appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated April 4, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was for an award of counsel fees pursuant to 22 NYCRR 130.1-1.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were divorced by judgment dated July 20, 2020, which incorporated but did not merge a stipulation of settlement dated December 11, 2019. In April 2022, the defendant filed, in the Circuit Court of the Eleventh Judicial Circuit of Illinois, a motion to compel the plaintiff to fulfill certain obligations as set forth in the stipulation of settlement.
In August 2023, the defendant moved in the Supreme Court, Suffolk County, to hold the plaintiff in contempt for not fulfilling certain obligations set forth in the stipulation of settlement. In an email subsequent to the defendant's motion, the plaintiff's attorney provided evidence to the defendant's attorney that the defendant's contempt motion was frivolous and that all of her claims had been resolved either prior to or during the Illinois litigation. When the defendant did not withdraw the motion, the plaintiff cross-moved, inter alia, for an award of counsel fees pursuant to 22 NYCRR 130-1.1 and to hold the defendant in contempt.
In an order dated April 4, 2024, the Supreme Court, among other things, after a finding that the defendant's motion was frivolous, granted that branch of the cross-motion which was for an award of counsel fees pursuant to 22 NYCRR 130-1.1 and directed the defendant to pay the amount of $2,500 to the plaintiff's attorneys. The defendant appeals.
"A court may impose financial sanctions upon a party or attorney who engages in 'frivolous conduct'" (Weissman v Weissman, 116 AD3d 848, 849, quoting 22 NYCRR 130-1.1[a]). Conduct is frivolous if "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). "In [*2]determining whether the conduct undertaken was frivolous, a court shall consider 'the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel'" (Finley v Finley, 233 AD3d 654, 655, quoting 22 NYCRR 130-1.1[c]).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross-motion which was for an award of counsel fees pursuant to 22 NYCRR 130-1.1 based on the frivolous conduct of the defendant in bringing and prosecuting nearly identical proceedings in Illinois and in New York (see Matter of Sottilare v Fahner, 160 AD3d 967, 968) and by continuing to pursue a motion after the defendant and her attorney became aware that the factual predicate for the requested relief no longer existed (see Finley v Finley, 233 AD3d at 655).
The defendant's remaining contentions are without merit.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court